**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SUSAN SPATH HEGEDUS, INC. d/b/a KERN & CO., <br><br> Plaintiff, <br><br> v. <br><br> CHUBB LTD and ACE FIRE UNDERWRITERS INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 2:20-cv-02832 |

**DEFENDANT ACE FIRE UNDERWRITERS INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR CERTIFICATION OF THE COURT'S MAY 7, 2021 ORDER TO ALLOW FOR AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND REQUEST FOR STAY**

# TABLE OF CONTENTS

**Page**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND AND PROCEDURAL POSTURE | 2 |
| | a. The Complaint | 2 |
| | b. Procedural History | 4 |
| III. | STANDARD FOR CERTIFICATION OF INTERLOCUTORY APPEALS | 5 |
| IV. | ARGUMENT | 6 |
| | a. Controlling Question of Law | 6 |
| | b. Substantial Ground for Difference of Opinion | 8 |
| | c. Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation | 10 |
| | d. The Court Should Stay Proceedings Pending the Outcome of the Interlocutory Appeal | 12 |
| V. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Another Planet Entertainment, LLC v. Vigilant Ins. Co.*,
   2021 WL 774141 (N.D. Cal. Feb. 25, 2021) ............................................................................. 9

*Caribe Restaurant & Nightclub, Inc. v. Topa Ins. Co.*,
   2021 WL 1338439 (C.D. Cal. Apr. 9, 2021) ............................................................................ 9

*City of Hialeah Employees' Retirement System v. Toll Brothers, Inc.*,
   2009 WL 10684918 (E.D. Pa. Sept. 21, 2009) ......................................................................... 6

*Consumer Fin. Protection Bureau v. Navient Corp.*,
   2021 WL 772238 (M.D. Pa. Feb. 26, 2021) ........................................................................... 12

*Crystallex Int'l Corp. v. Petróleos De Venezuela, S.A.*,
   2016 WL 7440471 (D. Del. Dec. 27, 2016) ............................................................................ 7

*EEOC v. Hora, Inc.*,
   2005 WL 1745450 (E.D. Pa. July 22, 2005) ........................................................................... 6

*Eric R. Shantzer, DDS v. Travelers Ins. Co. of Am., et al.*,
   2021 WL 1209845 (E.D. Pa. Mar. 31, 2021) ........................................................................... 9

*Facenda v. N.F.L. Films, Inc.*,
   2007 WL 1575409 (E.D. Pa. May 24, 2007) ......................................................................... 12

*Flats Inc. v. Axis Ins. Co.*,
   2021 WL 534471 (E.D. Pa. Feb. 12, 2021) ............................................................................. 9

*Frank Van's Auto Tag, LLC v. Selective Ins. Co. of the Southeast*,
   2021 WL 289547 (E.D. Pa. Jan. 28, 2021) ............................................................................. 9

*Franklin EWC, Inc., et al. v. The Hartford Fin. Servs. Group, Ins., et al.*,
   2020 WL 7342687 (N.D. Cal. Dec. 14, 2020) ........................................................................ 9

*Fuel Recharge Yourself, Inc. v. Amco Ins. Co.*,
   2021 WL 510170 (E.D. Pa. Feb. 11, 2021) ............................................................................. 9

*Gold v. Johns-Manville Sales Corp.*,
   723 F.2d 1068 (3rd Cir. 1983) ............................................................................................... 12

*Hall v. Wyeth*,
   2010 WL 4925258 (E.D. Pa. Dec. 2, 2010) .......................................................................... 10

*HealthNOW Medical Ctr., Inc. v. State Farm Gen. Ins. Co.*,
   2020 WL 7260055 (N.D. Cal. Dec. 10, 2020) ...................................................................... 10

*Hutchison v. Sunbeam Coal Corp.*,
   519 A.2d 385 (Pa. 1986) .......................................................................................................... 7

*In re Cargill Meat Sols. Wage & Hour Litig.*,
   2008 WL 11366373 (M.D. Pa. Jul. 11, 2008) ................................................................... 8, 11

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*In re Chocolate Confectionary Antitrust Litig.*,
  607 F. Supp. 2d 701 (M.D. Pa. 2009) .............................................................................. 5

*J.B.'s Variety Inc. v. Axis Ins. Co.*,
  2021 WL 1174917 (E.D. Pa. Mar. 29, 2021) ................................................................... 9

*Kaplan v. Saint Peter's Healthcare Sys.*,
  2014 WL 4678059 (D.N.J. Sept. 19, 2014) ................................................................... 13

*Katz* v. *Carte Blanche Corp.*,
  496 F.2d 747 (3d Cir. 1974) ............................................................................................ 5

*Knipe v. Smithkline Beecham*,
  583 F. Supp. 2d 553 (E.D. Pa. 2008) ................................................................... 2, 5, 6, 8

*McGillicuddy v. Clements*,
  746 F.2d 76 (1st Cir. 1986) ............................................................................................. 8

*Miron v. BDO Seidman, LLP*,
  2006 WL 3742772 (E.D. Pa. Dec. 13, 2006) ................................................................ 10

*Mortar and Pestle Corp. v. Atain Specialty Ins. Co.*,
  2020 WL 7495180 (N.D. Cal. Dec. 21, 2020) .............................................................. 10

*Motiv Group, Inc. v. Continental Case. Co.*,
  2021 WL 1240779 (C.D. Cal. Apr. 1, 2021) ................................................................... 9

*Out West Restaurant Group Inc. v. Affiliated FM Ins. Co.*,
  2021 WL 1056627 (N.D. Cal. Mar. 19, 2021) ................................................................ 9

*Palmdale Estates, Inc. v. Blackboard Ins. Co.*,
  2021 WL 25048 (N.D. Cal. Jan. 4, 2021) ...................................................................... 10

*Paul Glat MD, P.C. v. Nationwide Mut. Ins. Co., et al.*,
  2021 WL 1210000 (E.D. Pa. Mar. 31, 2021) ................................................................... 9

*RDS Vending LLC v. Union Ins. Co.*,
  2021 WL 1923024 (E.D. Pa. May 13, 2021) .................................................................. 9

*Rosenberg v. C.R. Bard, Inc.*,
  387 F. Supp. 3d 572 (E.D. Pa. 2019) ............................................................................ 10

*Russ-Tobias v. Pa. Bd. of Probation & Parole*,
  2006 WL 516771 (E.D. Pa. Mar. 2, 2006) .................................................................... 11

*Sky Flowers, Inc. v. Hiscox Ins. Co., Inc.*,
  2021 WL 1164473 (C.D. Cal. Mar. 26, 2021) ................................................................ 9

*SSN Hotel Mgmt., LLC v. The Hartford Mut. Ins. Co.*,
  2021 WL 1339993 (E.D. Pa. Apr. 8, 2021) .................................................................... 9

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*TAQ Willow Grove, LLC v. Twin City Fire Ins.*,
    2021 WL 131555 (E.D. Pa. Jan. 14, 2021) .................................................................................. 9

*Tennessee Gas Pipeline Co., L.L.C. v. Permanent Easement for 7.053 Acres*,
    2017 WL 4954093 (M.D. Pa. Nov. 1, 2017) ............................................................................... 8

*Tria WS LLC v. Am. Auto. Ins. Co.*,
    2021 WL 1193370 (E.D. Pa. Mar. 30, 2021) .............................................................................. 9

*United States ex rel. Class v. Bayada Home Health Care, Inc.*,
    2018 WL 11191635 (E.D. Pa. Nov. 8, 2018) .............................................................................. 6

*Unmasked Mgmt., Inc. v. Century-Nat. Ins. Co.*,
    2021 WL 242979 (S.D. Cal. Jan. 22, 2021) ............................................................................... 9

*Weitzner v. Sanofi Pasteur, Inc.*,
    2014 WL 1786500 (M.D. Pa. May 5, 2014) ..................................................................... 10, 12

*Zagafen Bala, LLC v. Twin City Fire Ins. Co.*,
    2021 WL 131657 (E.D. Pa. Jan. 14, 2021) ................................................................................ 9

**Statutes**

28 U.S.C. § 1292(b) ........................................................................................................................ 5

**Other Authorities**

Penn Law COVID Coverage Litigation Tracker, *available at* https://cclt.law.upenn.edu/judicial-
    rulings/ ................................................................................................................................... 4, 8

16 Charles A. Wright et al., *Federal Practice & Procedure* § 3930, 423 (2d ed. 1996) .............. 10

Defendant ACE Fire Underwriters Insurance Company ("Defendant"),[1] by and through its undersigned counsel, respectfully petitions this Court to certify its May 7, 2021 order denying Defendant's motion to dismiss [Dkt. 30-31] for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and requests a stay of proceedings pending the outcome of the interlocutory appeal, for the reasons set forth below.

## I.     INTRODUCTION

This Court's May 7, 2021 order denying Defendant's motion to dismiss addressed issues similar to those that have been decided by other courts in Pennsylvania, California, and around the country. Although this Court denied Defendant's motion to dismiss, others have granted insurers' motions to dismiss in cases seeking coverage for similar alleged losses under similar insurance policies. There are currently at least 113 pending appeals, primarily brought by policyholders, that will bear on the issues addressed in this Court's order—including at least 21 in the Third Circuit. This is precisely the situation that interlocutory appeals are intended to address.

In this action, Plaintiff Susan Spath Hegedus, Inc. ("Plaintiff") seeks coverage under an insurance policy issued by Defendant for COVID-19-related business interruption losses at its retail business. Among other requirements, Plaintiff is only entitled to coverage if the suspension of its operations was caused by "direct physical loss of or damage to" property. And the policy contains a virus exclusion specifying that Defendant will not pay for any loss or damage caused directly or indirectly by a virus. Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim on which relief can be granted, but the Court denied Defendant's motion. The Court held that the "allegations in Plaintiff's Complaint regarding its suspension of operations could plausibly constitute a 'direct physical loss of … property at the described premises,' in that Plaintiff lost the ability to physically operate its business at the

---

[1] Chubb Limited was also initially named as a defendant in this action, but Plaintiff voluntarily dismissed its claims against Chubb Limited without prejudice on September 14, 2020.

1

described premises." The Court also held that at this stage, "Defendant has not established that the Virus Exclusion unambiguously bars coverage for all of Plaintiff's alleged losses."

A non-final order such as this one may be certified for interlocutory appeal if it: (1) involves a "controlling question of law;" (2) for which there is "substantial ground for difference of opinion;" and (3) which may "materially advance the ultimate termination of the litigation" if appealed immediately. *Knipe v. Smithkline Beecham*, 583 F. Supp. 2d 553, 598-99 (E.D. Pa. 2008). All of these criteria are satisfied here. First, the Court's order involves controlling questions of law because it addressed key coverage issues that will lead to a reversal on appeal if they are deemed erroneous. The "direct physical loss of or damage" issue alone can prove dispositive without reaching any issues on the virus exclusion, and the Third Circuit can also give guidance on the virus exclusion. Second, there is substantial ground for difference of opinion with the Court's holding, as courts around the country have issued hundreds of rulings conflicting with this Court's holding, including at least 27 in the Eastern District of Pennsylvania and 55 applying California law (the law governing this dispute). Third, an immediate appeal would materially advance the ultimate termination of this litigation because it would conserve the parties' and the Court's resources by resolving the primary coverage issues implicated in this case before the parties push forward with litigation. Indeed, more than a hundred similar appeals brought by policyholders are pending around the country, including at least 21 in the Third Circuit.

Accordingly, the Court should certify its May 7, 2021 order denying Defendant's motion to dismiss for interlocutory appeal and stay proceedings pending the outcome of the appeal.

## II.     FACTUAL BACKGROUND AND PROCEDURAL POSTURE

### a.     The Complaint

Plaintiff filed this action on June 15, 2020. The Complaint alleges that as a result of various state and county orders issued in response to the COVID-19 pandemic, Plaintiff's retail business locations were closed from March 20 to May 22, 2020. (Complaint [Dkt. 1] at ¶¶ 31-

42.) Plaintiff seeks to recover its business interruption losses under policy D52688619 issued by Defendant (the "ACE Policy" or the "Policy"). To obtain coverage, Plaintiff is required to show, among other things, that the suspension of its business operations was caused by "direct physical loss of or damage to property at the described premises." (ACE Policy [Dkt 1-1] at § I.A.5.f.(1).(a).) The Policy also contains a broadly-worded virus exclusion, which states that Defendant will not pay for loss or damage caused directly or indirectly by any "virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." (ACE Policy at § I.B.i.j.)

Plaintiff claims that its property suffered "direct physical loss or damage" due to the state and local orders "mandating that Plaintiff discontinue its primary use of the Covered Property." (Complaint at ¶ 46.) The Complaint contends that "[t]he governmental orders, in and of themselves, constitute a Covered Cause of Loss within the meaning of the Policy." (*Id.*) As the Court noted, the Complaint does not allege that the virus was present at the insured premises. [Dkt. 30 at 21.]

Plaintiff acknowledges that the Policy contains a virus exclusion, but argues that the exclusion does not bar Plaintiff's claims. (Complaint at ¶¶ 50-51.) First, the Complaint contends that "to the extent that the governmental orders, in and of themselves, constitute direct physical loss of or damage to Plaintiff's Covered Property, the Virus Exclusion simply does not apply." (*Id.* at ¶ 52.) Second, despite California law's rejection of "regulatory estoppel" claims, the Complaint asserts that "to the extent that the coverage under the policy derives from direct physical loss or damage caused by the COVID-19 virus," ACE should be estopped from enforcing the virus exclusion based on statements allegedly made by two insurance industry trade groups. (*Id.* at ¶¶ 53-59.)

Plaintiff seeks to represent a class of other policyholders (*id.* at ¶63), and asserts causes of action for declaratory relief and breach of contract (*id.* at ¶¶ 72-92.) Because the insured property is in California and Plaintiff's alleged losses were caused by government orders issued by the State of California and the County of San Diego, California, California law governs this

3

dispute.  (*See* Defendant's Motion to Dismiss [Dkt. 11] at 8-9; Court's Order Denying Motion to Dismiss [Dkt. 30] at n.2.)

      b.      **Procedural History**

On August 14, 2020, Defendant filed a motion to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Policy's virus exclusion barred coverage.  In the following months, state and federal courts around the country issued hundreds of dispositive motion rulings (primarily on motions to dismiss) involving similar claims for insurance coverage for COVID-19-related business interruption losses under policy language similar to that in the ACE Policy.  *See* Penn Law COVID Coverage Litigation Tracker, *available at* https://cclt.law.upenn.edu/judicial-rulings/.  The vast majority of these courts ruled in favor of the insurer, finding that these types of policies did not provide coverage for COVID-19-related losses.  *Id.*  Dozens of courts in the Eastern District of Pennsylvania and dozens more applying California law have ruled in favor of the insurer in these disputes.  *Id.*

On May 7, 2021, the Court denied Defendant's motion to dismiss.  [Dkt. 30.]  The Court held that the "allegations in Plaintiff's Complaint regarding its suspension of operations could plausibly constitute a 'direct physical loss of … property at the described premises,' in that Plaintiff lost the ability to physically operate its business at the described premises."  [*Id.* at 18.]  The Court also held that at this stage, "Defendant has not established that the Virus Exclusion unambiguously bars coverage for all of Plaintiff's alleged losses, for two reasons."  [*Id.* at 19.]  First, the Court considered "Plaintiff's argument that the orders themselves caused its losses, or were at least the predominant cause of its losses, to be sufficient to defeat a motion to dismiss."  [*Id.* at 20-21.]  Even though the Policy states that damage caused by a virus "is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss," the Court found that "such a broad provision is unenforceable under California law."  [*Id.*]  Second, the Court found that "at this stage, Defendant has not established that the Virus Exclusion, which is included in paragraph 1 of Part (B) Exclusions, even applies to the

4

Additional Coverages for Business Income and Extra Expense, which are included in paragraph 5 of Part (A) Coverage." [*Id.* at 21-22.]

### III.    STANDARD FOR CERTIFICATION OF INTERLOCUTORY APPEALS

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an otherwise non-appealable order for interlocutory appeal if it determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Section 1292(b) thus "imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate." *Katz* v. *Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). A non-final order may be certified for interlocutory appeal if the court determines that it: (1) involves a "controlling question of law;" (2) for which there is "substantial ground for difference of opinion;" and (3) which may "materially advance the ultimate termination of the litigation" if appealed immediately. *Knipe v. Smithkline Beecham*, 583 F. Supp. 2d 553, 598-99 (E.D. Pa. 2008).

The key consideration on a motion to certify an interlocutory order for appeal is whether the order "truly implicates the policies favoring interlocutory appeal." *Katz*, 496 F.2d at 755. "Those policies, both before and since the enactment of § 1292(b) have included the avoidance of harm to a party *pendent lite* from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense." *Id.* The Court's determination "must be made by a practical application of those policies." *Id.*

Courts often certify rulings denying motions to dismiss for interlocutory appeal. *See, e.g.*, *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009);

5

*United States ex rel. Class v. Bayada Home Health Care, Inc.*, 2018 WL 11191635, at *3 (E.D. Pa. Nov. 8, 2018); *City of Hialeah Employees' Retirement System v. Toll Brothers, Inc.*, 2009 WL 10684918, at *2 (E.D. Pa. Sept. 21, 2009).

## IV.     ARGUMENT

The Court's denial of Defendant's motion to dismiss satisfies all three criteria for certification for interlocutory appeal.

### a.     Controlling Question of Law

First, the Court's order involves a controlling question of law. A "controlling question of law" is one that either: (1) if decided erroneously, would lead to reversal on appeal; or (2) is "serious to the conduct of the litigation either practically or legally." *Knipe*, 583 F. Supp. at 599 (citations omitted). "[O]n the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of 28 U.S.C. § 1292(b)] to be a highly relevant factor." *Id.* A "controlling question of law" must involve a question of "pure law" that an appellate court "can resolve quickly and cleanly without laboring over the record." *EEOC v. Hora, Inc.*, 2005 WL 1745450, at *3 (E.D. Pa. July 22, 2005).

The Court's order denying Defendant's motion to dismiss found that the "allegations in Plaintiff's Complaint regarding its suspension of operations could plausibly constitute a 'direct physical loss of … property at the described premises,' in that Plaintiff lost the ability to physically operate its business at the described premises." [Dkt. 30 at 18.] The Court also held that at this stage, "Defendant has not established that the Virus Exclusion unambiguously bars coverage for all of Plaintiff's alleged losses." [*Id.* at 19.]

Whether there was "direct physical loss of or damage to" property and whether the virus exclusion bars coverage are the main issues in this case that will determine whether Plaintiff is entitled to coverage under the Policy, so they are plainly "serious to the conduct of the

6

litigation." And if these issues were decided erroneously, they will lead to reversal on appeal because they are the central issues in this case. Indeed, over a hundred appeals (primarily brought by policyholders) have been taken on similar issues in courts around the country, including at least 21 in the Third Circuit. *See, e.g.*, *Whiskey Flats Inc. v. Axis Ins. Co.*, No. 21-1294 (3d Cir.) (appeal relating to whether there was "direct physical loss of or damage to" property and whether virus exclusion barred coverage in case seeking insurance coverage for COVID-19-related losses); *Ultimate Hearing Solutions II, LLC, et al. v. Twin City Fire Ins. Co.*, No. 21-1240 (3d Cir.) (same); *ATCM Optical, Inc., et al. v. Twin City Fire Ins. Co.*, No. 21-1107 (3d Cir.) (same).

The issues of how the phrase "direct physical loss of or damage to" property should be interpreted, whether the anti-concurrent causation language in the virus exclusion is enforceable under California law, and whether the virus exclusion applies to bar coverage are precisely the types of threshold questions of "pure law" that an appellate court can decide "quickly and cleanly without having to study the record." *See Hutchison v. Sunbeam Coal Corp.*, 519 A.2d 385, 390 (Pa. 1986) (whether a written insurance contract is ambiguous is a question of law to be resolved by the Court). Indeed, the Court's order was issued on a motion to dismiss based solely on the pleadings (as well as matters judicially noticeable), so there is no evidentiary record for the appellate court to consider. The "direct physical loss of or damage" issue alone can prove dispositive without reaching any issues on the virus exclusion, and the Third Circuit can also give guidance on the virus exclusion.

Accordingly, the Court's order involves a controlling question of law. *See Crystallex Int'l Corp. v. Petróleos De Venezuela, S.A.*, 2016 WL 7440471, at *2 (D. Del. Dec. 27, 2016)

7

(granting certification where the court's "conclusions regarding . . . purely legal issues were dispositive and would require dismissal of the action if reversed on appeal").

### b. <u>Substantial Ground for Difference of Opinion</u>

Second, there is "substantial ground for difference of opinion" with this Court's ruling on the meaning of "direct physical loss of or damage to" property and the applicability of the virus exclusion. Courts have clarified that there is a "substantial ground for difference of opinion" about an issue when "courts have issued conflicting and contradictory opinions when interpreting a particular question of law." *In re Cargill Meat Sols. Wage & Hour Litig.*, 2008 WL 11366373 at *6 (M.D. Pa. Jul. 11, 2008). This may include a "divergence of opinion within a district, a conflict between different districts or where there is a split in the Circuits." *Id.* at *6. A substantial ground for difference of opinion also exists when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority." *Knipe*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1986)); *Tennessee Gas Pipeline Co., L.L.C. v. Permanent Easement for 7.053 Acres*, 2017 WL 4954093, at *3 (M.D. Pa. Nov. 1, 2017).

Courts around the country have issued more than 300 rulings dealing with issues similar to those decided here—whether COVID-19-related losses were caused by "direct physical loss of or damage to" property and/or whether virus exclusions barred coverage for these losses—and the vast majority of them conflict with this Court's ruling.[2] At least 27 courts in the Eastern District of Pennsylvania have issued rulings that conflict with this Court's order, mostly on motions to dismiss. *See, e.g.*, *SSN Hotel Mgmt., LLC v. The Hartford Mut. Ins. Co.*, 2021 WL

---

[2] *See* Penn Law COVID Coverage Litigation Tracker, *available at* https://cclt.law.upenn.edu/judicial-rulings/.

8

1339993 (E.D. Pa. Apr. 8, 2021) (granting motion to dismiss in case seeking coverage for COVID-19-related losses based on lack of "direct physical loss of or damage to" property and virus exclusion); *Paul Glat MD, P.C. v. Nationwide Mut. Ins. Co., et al.*, 2021 WL 1210000 (E.D. Pa. Mar. 31, 2021) (same); *Eric R. Shantzer, DDS v. Travelers Ins. Co. of Am., et al.*, 2021 WL 1209845 (E.D. Pa. Mar. 31, 2021) (same); *J.B.'s Variety Inc. v. Axis Ins. Co.*, 2021 WL 1174917 (E.D. Pa. Mar. 29, 2021) (same).[3]  And at least 55 courts applying California law—the law governing this dispute—have issued rulings that conflict with this Court's order, mostly on motions to dismiss.  *See, e.g.*, *Caribe Restaurant & Nightclub, Inc. v. Topa Ins. Co.*, 2021 WL 1338439 (C.D. Cal. Apr. 9, 2021) (granting motion to dismiss in case seeking coverage for COVID-19-related losses because there was no "direct physical loss of or damage to" property); *Motiv Group, Inc. v. Continental Case. Co.*, 2021 WL 1240779 (C.D. Cal. Apr. 1, 2021) (same); *Franklin EWC, Inc., et al. v. The Hartford Fin. Servs. Group, Ins., et al.*, 2020 WL 7342687 (N.D. Cal. Dec. 14, 2020) (granting motion to dismiss in case seeking coverage for COVID-19-related losses based on virus exclusion); *Sky Flowers, Inc. v. Hiscox Ins. Co., Inc.*, 2021 WL 1164473 (C.D. Cal. Mar. 26, 2021) (granting motion to dismiss in case seeking coverage for COVID-19-related losses based on lack of "direct physical loss of or damage to" property and virus exclusion).[4]

---

[3] *See also, e.g.*, *RDS Vending LLC v. Union Ins. Co.*, 2021 WL 1923024 (E.D. Pa. May 13, 2021); *Tria WS LLC v. Am. Auto. Ins. Co.*, 2021 WL 1193370 (E.D. Pa. Mar. 30, 2021); *Whiskey Flats Inc. v. Axis Ins. Co.*, 2021 WL 534471 (E.D. Pa. Feb. 12, 2021); *Fuel Recharge Yourself, Inc. v. Amco Ins. Co.*, 2021 WL 510170 (E.D. Pa. Feb. 11, 2021); *Frank Van's Auto Tag, LLC v. Selective Ins. Co. of the Southeast*, 2021 WL 289547 (E.D. Pa. Jan. 28, 2021); *Zagafen Bala, LLC v. Twin City Fire Ins. Co.*, 2021 WL 131657 (E.D. Pa. Jan. 14, 2021); *TAQ Willow Grove, LLC v. Twin City Fire Ins.*, 2021 WL 131555 (E.D. Pa. Jan. 14, 2021).

[4] *See also, e.g.*, *Unmasked Mgmt., Inc. v. Century-Nat. Ins. Co.*, 2021 WL 242979 (S.D. Cal. Jan. 22, 2021); *Out West Restaurant Group Inc. v. Affiliated FM Ins. Co.*, 2021 WL 1056627 (N.D. Cal. Mar. 19, 2021); *Another Planet Entertainment, LLC v. Vigilant Ins. Co.*, 2021 WL 774141 (N.D. Cal. Feb. 25, 2021); *Palmdale Estates, Inc. v. Blackboard Ins. Co.*, 2021 WL 25048 (N.D.

The fact that many courts have issued opinions that conflict with the Court's opinion here establishes that there is "substantial grounds for difference of opinion" with this Court's ruling. *See Weitzner v. Sanofi Pasteur, Inc.*, 2014 WL 1786500, at *2 (M.D. Pa. May 5, 2014) ("The clearest evidence of 'substantial grounds for difference of opinion'" is "conflicting interpretations from numerous courts.") (citations and quotations omitted); *Rosenberg v. C.R. Bard, Inc.*, 387 F. Supp. 3d 572, 575, 581 (E.D. Pa. 2019) (certifying legal issue to Third Circuit based on "growing debate among federal district courts").

### c. Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation

Third, immediate appeal of this order will materially advance the ultimate termination of the litigation because the order involves the key legal issues that are central to this case, and immediate appeal will be the most efficient use of judicial resources.

Whether an interlocutory appeal would "materially advance the termination of the litigation" is "closely tied to the requirement that the order involve a controlling question of law." *Hall v. Wyeth*, 2010 WL 4925258, at *2 (E.D. Pa. Dec. 2, 2010) (citing 16 Charles A. Wright et al., *Federal Practice & Procedure* § 3930, 423 (2d ed. 1996)). Factors pertinent to the inquiry include "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Id.* (citation omitted). "Simply put, these considerations are best summed up as all relating to efficient use of judicial resources." *Miron v. BDO Seidman, LLP*, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006).

---

Cal. Jan. 4, 2021); *Mortar and Pestle Corp. v. Atain Specialty Ins. Co.*, 2020 WL 7495180 (N.D. Cal. Dec. 21, 2020); *HealthNOW Medical Ctr., Inc. v. State Farm Gen. Ins. Co.*, 2020 WL 7260055 (N.D. Cal. Dec. 10, 2020).

Here, the Court's order denying Defendant's motion to dismiss addressed the key legal issues that are central to whether Plaintiff is entitled to coverage under the Policy.  Although some issues, such as the calculation of Plaintiff's alleged damages, were not addressed in the Court's ruling, an immediate appeal of the ruling would help avoid any unnecessary waste of time and resources.  If, for example, the appellate court reverses this Court's ruling and finds that the virus did not cause "direct physical loss of or damage to" property based on these allegations and/or that the virus exclusion bars coverage for Plaintiff's COVID-19-related losses, the need for discovery and trial would be eliminated.  Judicial resources will be most efficiently utilized by allowing for an immediate appeal of the key legal issues in this case, rather than pressing forward with litigation and trial at the risk that all of these efforts may be mooted when the Third Circuit eventually hears Defendant's appeal.  *See Russ-Tobias v. Pa. Bd. of Probation & Parole*, 2006 WL 516771, at *33 (E.D. Pa. Mar. 2, 2006) (finding that interlocutory appeal would materially advance the ultimate termination of the litigation where review would save the parties and the court "the needless expenditure of time and money in litigating issues that the Court of Appeals may vacate or reverse upon ultimate appeal"); *In re Cargill*, 2008 WL 11366373 at *6 (finding that interlocutory appeal would materially advance the ultimate termination of the litigation because "a successful appeal by Cargill would simplify the trial of this matter and would permit discovery to be more expeditiously performed and at less expense to the parties . . . . At the same time, if the appeal is unsuccessful, the interpretation would allow for a clearer understanding of the factual issues that need to be addressed and, consequently provide a compass for trial preparation and trial.").

### d. The Court Should Stay Proceedings Pending the Outcome of the Interlocutory Appeal

If the Court certifies its order for interlocutory appeal, the Court should also stay proceedings pending the outcome of the appeal. "The power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and efficient adjudication." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3rd Cir. 1983). Under 28 U.S.C. § 1292(b), district courts are permitted to stay proceedings during the pendency of an interlocutory appeal, and "courts have routinely granted a stay where they have certified an order for interlocutory appeal." *Consumer Fin. Protection Bureau v. Navient Corp.*, 2021 WL 772238, at *8 (M.D. Pa. Feb. 26, 2021).

A stay pending the outcome of the interlocutory appeal will help the parties and the Court avoid any unnecessary waste of time and resources. The outcome of the appeal may change the scope of the issues to be litigated, and if the appellate court reverses this Court's ruling, the need for discovery and trial will be eliminated. Judicial resources will be most efficiently utilized by staying proceedings until the appeal is resolved. *See id.* at *8 (staying proceedings pending outcome of interlocutory appeal because a reversal by the appellate court would "eliminate the undoubted filing, and resolution, of further discovery and legal and procedural disputes among the parties" and "there is little value in expending significant resources by the court and litigants, particularly where the purpose of § 1292(b) is to avoid a wasted protracted trial if it could early be determined that there might be no liability") (quotations omitted); *Facenda v. N.F.L. Films, Inc.*, 2007 WL 1575409, at *3 (E.D. Pa. May 24, 2007) (staying proceedings pending outcome of interlocutory appeal "to prevent wasteful and unnecessary discovery"); *Weitzner*, 2014 WL 1786500, at *3 (staying proceedings pending outcome of interlocutory appeal to "avoid wasteful and unnecessary discovery"); *Kaplan v. Saint Peter's Healthcare Sys.*, 2014 WL 4678059, at * 4

(D.N.J. Sept. 19, 2014) (staying proceedings pending outcome of interlocutory appeal to "promote fair and efficient adjudication in this case").

## V. CONCLUSION

The Court's May 7, 2021 order denying Defendant's motion to dismiss [Dkt. 30-31] involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order would materially advance the ultimate termination of the litigation. Accordingly, Defendant respectfully requests that the Court certify this order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay proceedings in this case pending the outcome of the interlocutory appeal.

Respectfully submitted,

COZEN O'CONNOR

BY: /s/ Stephen A. Cozen, Esq.
Stephen A. Cozen, Esq. (PA ID # 3492)
Eric D. Freed, Esq. (PA ID #39252)
Charles J. Jesuit, Esq. (PA ID #91163)
Stephen S. Kempa, Esq. PA ID #319143)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
P:  215-665-3724
scozen@cozen.com
efreed@cozen.com
cjesuit@cozen.com
skempa@cozen.com

-and-

O'MELVENY & MYERS LLP
Richard B. Goetz, Esq. (admitted *pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
rgoetz@omm.com

13

                                        Daniel M. Petrocelli, Esq. (admitted *pro hac vice*)
                                        1999 Avenue of the Stars, 8th Floor
                                        Los Angeles, CA 90067
                                        Telephone: (310) 553-6700
                                        Facsimile: (310) 246-6779
                                        dpetrocelli@omm.com

                                        *Attorneys for Defendant, ACE Fire Underwriters Insurance Company*

DATED: May 17, 2021